UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA F. SMITH | CIVIL ACTION |
| VERSUS | NO. 11-499 |
| SPRINT/UNITED MANAGEMENT CO., ET AL. | SECTION "A" (3) |

**ORDER**

On November 30, 2011, Defendant's Motion for Attorney's Fees [Doc. #27] came on for oral hearing before the undersigned. Present were Willie Zanders on behalf of plaintiff and Christopher Williams on behalf of defendant. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law and the parties' oral arguments, the Court rules as follow.

**I.     Background**

The complaint alleges as follows. Plaintiff worked at the Sprint/United Management Store ("Sprint") in Slidell, Louisiana from October 2006 through November 9, 2009, when defendant Sprint terminated her during her eighth month of pregnancy. When plaintiff returned to work from vacation in April 2009, she informed defendant and the new store manager, Roger Braud, of her pregnancy. Immediately, plaintiff alleges, Braud and Sprint's district manager, Charles Acosta, began to critique her performance and accuse her of failing to perform her duties. Braud also made inappropriate comments about plaintiff's uniform.

Later, after plaintiff missed a meeting when her father-in-law was rushed to the hospital, Braud threatened to put plaintiff on final corrective action but bribed her to work Sundays instead. After plaintiff completed her month of Sundays, Braud called her into his office and fired her due to "not meeting minimum requirements." After her termination, plaintiff applied for unemployment benefits, but she received a letter stating that she was not eligible for them because her previous employer had denied her employment due to misconduct.

After exhausting her administrative remedies, plaintiff then sued Sprint, Braud and Acosta in state court for pregnancy discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.* Defendants removed the lawsuit to this Court.

## II.     The Parties' Contentions

### A.     Sprint

On October 25, 2011, this Court granted Sprint's motion to compel as unopposed [Doc. #23] and ordered plaintiff to provide full and complete discovery responses no later than ten days from the date of the order. The order reserved the right to defendant to file an appropriate motion for attorney's fees. Sprint contends that only after repeated attempts to resolve the dispute without the Court's involvement did it file the motion to compel. Because the motion was unopposed, Sprint argues that plaintiff wholly failed to explain why she had not provided responses to its discovery.

Sprint attaches the declaration of its attorney to its motion in which it seeks costs incurred for (i) preparing communications to opposing counsel to obtain the requested discovery before filing its motion to compel; (ii) researching and preparing its motion to compel; and (iii) researching and preparing its motion for attorney's fees. Sprint seeks a total of $2,805.30.

### B.     Plaintiff

Plaintiff argues that "other circumstances" under Federal Rule of Civil Procedure 37(d)(3) render unjust an attorney's fee award here. Plaintiff first contends that Sprint has "unclean hands" because it filed the motion for attorney's fees on November 4, 2011, two weeks after plaintiff moved for a new trial in a similar lawsuit in this district. In that motion, the plaintiff contends that Sprint's key witness filed a false unsworn declaration and, because that witness is also a witness in this lawsuit, the legal ramifications of the declaration bear on that witness's credibility here.

Plaintiff also notes that Sprint unilaterally moved the District Court here to extend the Scheduling Order deadlines by three months. The District Court denied that motion. Sprint then produced a 200-page supplemental initial disclosure to plaintiff.

Plaintiff next argues that the fees are excessive and unsupported by documentation. Plaintiff notes that Sprint seeks $871.00 (2.7 hours) for having prepared a five-sentence motion and three-page memorandum for attorney's fees.

Lastly, plaintiff apologizes to the Court.

### C.    Sprint's Reply

On the day of the Court-imposed deadline in its earlier order granting the motion to compel, Sprint notes that plaintiff produced a discovery response to it that included no responses to its requests for production or its interrogatories ten through 15. On November 7, 2011, the District Court gave plaintiff an additional seven days to respond to the discovery, but plaintiff still failed to completely respond. Plaintiff has failed to respond to Requests for Production Nos. 9, 10, 12, 14, 15 and 18 and Interrogatory No. 14. Plaintiff has produced to Sprint only ten pages of documents. Given plaintiff's failure to comply with two orders from this Court, Sprint contends that at the minimum she must pay the attorney's fees and costs incurred by Sprint to enforce the orders.

Sprint contends that a five-page motion for a new trial filed by another plaintiff in another lawsuit has no bearing on its motion for attorney's fees here.  Neither does Sprint understand how plaintiff's right to depose one of its employees bears on the instant motion.  Sprint notes that it timely supplemented its initial disclosures by the deadline in the Scheduling Order and can not fathom how this bears on the motion here.  Sprint contends that it only moved to extend the deadlines in the Scheduling Order due to plaintiff's discovery delays.

Lastly, and citing case law, Sprint contends that its requested attorneys' fees are reasonable.

### III.     Law and Analysis on the Motion for Attorney's Fees

Under Federal Rule of Civil Procedure 37, the court where an action is pending may, on motion, order sanctions if a "party . . . fails, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response."  Fed. R. Civ. P. 37(d)(1)(A)(ii).  Rule 37(d)(3) sets forth the types of sanctions that a court may impose.  Such sanctions include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Fed. R. Civ. P. 37(d)(3).  Instead of or in addition to those sanctions, the Court may also require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was "substantially justified or other circumstances make an award of expenses unjust."  *Id.*

On June 6, 2011, Sprint served its initial disclosures on plaintiff as required by the District Court's Scheduling Order.  Sprint sought plaintiff's initial disclosures through correspondence dated June 22, 2011, but plaintiff failed to respond.  On July 29, 2011, Sprint served on plaintiff its First Set of Interrogatories and First Requests for Production of Documents.  On September 23, 2011, Sprint again sought through correspondence plaintiff's initial disclosures and her discovery responses.  Plaintiff again failed to respond to Sprint's correspondence.

4

Plaintiff's conduct necessitated Sprint's motion to compel, filed on October 11, 2011. [Doc. #21]. Plaintiff failed to file an opposition to the motion, and the Court granted it as unopposed on October 25, 2011. [Doc. #23].

As noted above, on the day of the Court-imposed deadline in its earlier order granting the motion to compel, Sprint notes that plaintiff produced a discovery response to it that included no responses to its requests for production or its interrogatories ten through 15. On November 7, 2011, the District Court gave plaintiff an additional seven days to respond to the discovery, but plaintiff still failed to completely respond.  Plaintiff has failed to respond to Requests for Production Nos. 9, 10, 12, 14, 15 and 18 and Interrogatory No. 14.  Plaintiff has produced to Sprint only ten pages of documents.

The Court finds that plaintiff's conduct warrants an award of attorney's fees here.  Plaintiff has repeatedly been dilatory with her discovery obligations, and the Court can not find – based on the record before it – that the failure was substantially justified or the award unjust.  Indeed, even after questioning counsel for plaintiff at oral argument, the Court still does not understand how ***any*** action take in an ***entirely different*** lawsuit excuses counsel's failure to participate timely in the discovery process in this lawsuit.  Accordingly, the Court will award to defendant attorney's fees incurred for having had to file its motion to compel and the instant motion.

IV.     **Attorney's Fees**

   A.     **The Lodestar Approach**

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e*., it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.  *Hopwood v. State of Tex.*, 236

F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37. To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders and Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc*., 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1. Reasonable Hourly Rates

Turning to the accounting statement and affidavit submitted by Sprint's counsel, this Court must determine whether the hourly rates of $350.00/hour for Charles Seemann III and $335.00/hour for Christopher Williams are reasonable given counsel's ability, competence, experience, and skill. From what the Court can glean from the internet, Seeman is a partner with 16 years of experience, and Williams is an associate with eight years of experience.

This Court's review of the case law in this district for the past two years reveals that the requested hourly rates require an adjustment based on the practice of law in this district. *See, e.g., Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701 (E.D. La. 2009) (awarding $300.00/hour for partners, $225.00/hour for associates, and $75.00/hour for paralegals)*; Entergy La., L.L.C. v. The Wackenhut Corp.*, Civ. A. No. 09-7367, 2010 WL 4812921 (E.D. La. Nov. 17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.*, Civ. A. No. 09-7451, 2010 WL 3943543 (E.D. La. Oct. 4, 2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years experience respectively); *Hebert v. Rodriguez*, Civ. A. No. 08-5240, 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to attorney with 33 years of experience); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.*, Civ. A. No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); *Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C.*, Civ. A. No. 09-158, 2010 WL 6300009 (E.D. La. Feb. 19, 2010) (awarding $210.00/hour, $250.00/hour and $180.00/hour to attorneys with 20, ten and four years experience respectively); *Marks v. Standard Fire Ins. Co.*, Civ. A. No. 09-1947, 2010 WL 487403 (E.D. La. Feb. 3, 2010) (awarding $185.00/hour to attorney with seven years of experience).

Recently, this Court found reasonable and recommended $350.00/hour for two partners with 36 and 30 years of experience, $200.00/hour for an associate with four years of experience and $180.00/hour for an associate with two years of experience. *Construction South, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2011 WL 3882271, *2 (E.D. La. July 29, 2011). The District Court adopted the Court's recommendation. *Construction South, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2011 WL

7

3892225 (E.D. La. Sept. 2, 2011). Two years ago, the Court found reasonable and recommended $270.00/hour for a partner with 15 years of experience, $230.00/hour for a partner with 12 years of experience and $220.00/hour for a partner with 11 years of experience. *Kuperman v. ICF International*, Civ. A. No. 08-565 (E.D. La.) [Doc. #257].

Considering the prevailing market rates in the Greater New Orleans area and the reasonable fees set by the courts in this district, the Court finds that the aforesaid hourly rates are beyond the higher end of the range of the market rate in this area. Noting that the hourly rates in the area have increased since the Court's opinion in *Kuperman* two years ago, the Court thus finds that $290.00/hour is a reasonable rate for the services of Charles Seeman and $240.00/hour is a reasonable rate for Christopher Williams. Also in accordance with the case law, the Court will reduce the paralegal's hourly rate from $140.00/hour to $90.00/hour. *See, e.g., Spectrum Commc'n Specialists, L.L.C. v. KMJ Servs., Inc.*, Civ. A. No. 09-159, 2010 WL 925299, *2 (E.D. La. Mar. 9, 2010) (and cases cited therein) (finding $90.00/hour reasonable as rate for paralegal).

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that Sprint's counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised

billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed the accounting statement and accompanying affidavit submitted on behalf of Sprint's counsel and finds the hours expended by counsel to be reasonable. Seeman alleges that he expended one hour, Williams alleges that he expended 7.8 hours, and the paralegal alleges that she expended 1.1 hours. The accounting statement and affidavit reflect that defendant's counsel drafted the motion to compel, the memorandum in support and the notice of hearing. Counsel also prepared correspondence to plaintiff's counsel as to the discovery requests. Counsel further prepared the motion and memorandum – and its accompanying exhibits, the statement of account and affidavit – here. The Court does not find that the time expended on these tasks is unreasonable. Counsel generally billed in increments of .1/hour, increments that this Court has approved before. There are no duplicative entries on the statement of account. The Court's review of the accounting statement satisfies it that defense counsel exercised billing judgment here.

**V.    Conclusion**

Accordingly, for the reasons outlined above, and taking into account the reduced hourly rates,

**IT IS ORDERED** that Defendant's Motion for Attorney's Fees [Doc. #27] is GRANTED IN PART, in that the Court awards reasonable attorneys' fees in the amount of $2,261.00 (two thousand, two hundred and sixty-one dollars).

New Orleans, Louisiana, this 20th day of December, 2011.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**